## D. F. ROBERTS *v.* C. TROMPER &c.

Negligence—Personal Injury—Careless Driving on Streets—Infants.

.. F. Roberts, while driving rapidly through the streets of Louisville, ran over, and materially injured a child of some four years of age. The accident occurred at the curbing, where the child was seen to be trying to get up, when the buggy of Roberts ran over it. His attention was called to the child being ahead of him and in the street, but did not slow up or turn his horse so as to avoid the wheels of the buggy running up against the curbing, at the point where the child was seen to be clamoring up: Held to be contributory negligence by Roberts, and liable for personal damages sustained by the infant.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 23, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

A fair construction of the evidence in this case, as produced by

both parties, harmonises as to one fact, to-wit: that appellee was standing on the curb stone of the pavement when by a too near approach of the vehicle, which appellant was driving at rather a brisk rate, caught and ran over her.

Several of appellee's witnesses state this positively and in direct terms.

Shadburn, for defendant, states:

> "that looking over the dash-board of the carriage he saw a child lying in the street in front and to the left of the carriage; that he called Roberts' attention to the fact of the child being in the street, and thereupon Dr. Gilpin, who was in advance, was called; after Gilpin stopped his buggy, turned around and came back, Roberts having stopped immediately, the child was picked up and carried into the house, and waited upon by Dr. Gilpin."

Dr. McBurnies testimony was agreed to be the same, with the exception:

> that he saw the child standing in the street some fifty yards ahead of the carriage of Roberts, and that Gilpin's buggy passed the child; that when he first saw the child about 50 yards ahead, he said to Roberts there was a child ahead of him in the street; Roberts was the on the same side of the street railroad with the child, and he made some effort to turn his horse, so as to cross the railroad, and as the buggy got near the child, *the wheel of it slighted down the curb stone and very near it, the last he saw of the child before the buggy passed it, was when it was at the curb stone with its hands on it as if trying to get on the pavement.*

All this is perfectly consistent with plaintiff's evidence that the child was on the curb stone and thrown off by defendant's near driving.

If the child was attempting to mount the curb when McBurnie last saw her before the buggy passed, when he and Shadburn saw her prostrate in the street, must certainly have been after she was

knocked down, and so we would infer from Shadburn's statement.

The child had evidently been thrown down by some means immediately by the curb stone, and there is no clue to any other cause of her falling than the near driving of the defendant. The evidence, then, by no possible fair construction, makes a case of fault by this child, of about four years of age; hence, no error in either giving or rejecting instructions.

Roberts seems to have acted with kindness and humanity after the accident, and there is nothing in the case that indicates intentional wrong on his part, and though we might regard the verdict as somewhat harsh under all the circumstances, yet it is essential in large and crowded cities that those who drive vehicles for pleasure or profit should have a due regard for the safety of those who have as much right to traverse the street as themselves, especially for those on foot, who have the right to be on the pavement, where carriages propelled by horse-power have not.

As the evidence clearly shows this child was attempting to reach the pavement, and Roberts had notice of her being in the street fifty yards ahead, we can imagine no sound reason why she should have been run over except from a too rapid rate or unjustifiable carelessness.

The exceptions to the depositions were properly overruled.

Wherefore, the judgment is affirmed with damages.

*Jackson & Ransom, for appellant.*

*Harlan & Newman, Muir & Bijuir, for appellees.*